(No. 43555.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JAMES SIGLAR, Appellee.

*Opinion filed October 4, 1971.*

GOLDENHERSH, J., took no part.

WILLIAM J. SCOTT, Attorney General, of Springfield, and DON P. KOENEMAN, State's Attorney, of Chester, (THOMAS J. IMMEL, Assistant Attorney General, and D. McMEEKIN CONN, Assistant State's Attorney, of counsel,) for the People.

JAMES P. SIGLAR, *pro se.*

MR. JUSTICE DAVIS delivered the opinion of the court:

The People of the State of Illinois have appealed from the judgment of the Fifth District Appellate Court which affirmed the discharge of the defendant for failure to bring him to trial within 120 days from the last delay caused by him.

On January 3, 1969, the defendant and two others were indicted by the grand jury of Randolph County for the offenses of escape, kidnapping, theft, burglary and armed robbery. These alleged offenses were committed while the defendant was an inmate at the Illinois State Penitentiary at Menard.

On January 23, 1969, the defendant appeared in open court and was given a copy of the indictment. Counsel was appointed to represent him and his case was set for trial on February 24, 1969. On February 20, 1969, he was

formally arraigned, entered a plea of not guilty and counsel for the defendant moved for the trial to be continued from February 24, 1969, for the purpose of preparing and filing motions. In view of the multiple charges and parties, the court was willing to grant a continuance in the case, and in so doing stated: "In other words they were taken off the trial docket for February 24th." The defendant was also granted 30 days to file pretrial motions, but no new date was set for the trial. Thereafter, on March 10, 1969, the defendant filed motions for a bill of particulars, discovery and production of evidence, and for change of place of trial. These motions were then set for hearing on April 18, 1969, by the clerk of the court.

A docket entry on April 18, 1969, indicates that "said motions (were) continued indefinitely at the request and agreement of all counsel concerned." The docket entry did not set a date certain for the hearing of the motions. There was no report of proceedings relative to this matter on April 18, 1969.

Following the completion of his sentence at Menard on May 13, 1969, the defendant was arrested and taken into custody by the sheriff of Randolph County on a *capias* issued pursuant to the indictment, and he was confined in that county's jail to await trial.

On August 25, 1969, the defendant's counsel orally moved for his discharge in that he had not been brought to trial within 120 days from the last delay occasioned by him. He also moved for a mental hearing and examination by a qualified psychiatrist. The court appointed a psychiatrist to examine the defendant, ordered the filing of the psychiatrist's report and stated that hearing on the competency of the defendant to stand trial would be set after the examination and report were completed.

On September 2, 1969, the defendant, *pro se* made oral motions to dismiss court appointed counsel on the ground of incompetency and that the charges against him

be dismissed because of violation of his constitutional rights. The court stated, "I think if you try to cooperate with your attorney, your attorney can represent you properly," but the defendant refused to communicate with counsel. On this date, the defendant's motion for discharge under the 120 day rule was denied and the cause was set for trial on September 15, 1969. It was not tried by virtue of the defendant's motions for a psychiatric examination and a competency hearing. This delay was chargeable to him.

On September 25, 1969, the defendant's new counsel filed a written motion for the defendant's discharge. At the hearing on this motion, the defendant's first counsel testified that he had "no actual memory of the April continuance when the motions were set for hearing." The court, however, stated that the defendant's counsel had appeared and advised the court that the motions were to be continued "because they were not ready for trial anyway at this time."

Subsequently, on November 14, 1969, the court entered an order finding that the defendant's motion on February 20, 1969, was a motion for a general continuance of his trial; that the testimony of the defendant reflected that he was not informed and did not agree to the continuance of April 18, 1969; that the court was not informed of this fact; and that no further action was taken by the State to prosecute the defendant until August 25, 1969, when certain motions were heard. The court further found that the 120-day period began to run on April 18, 1969, and expired prior to September 15, 1969, when the case was set for trial. The court therefore discharged the defendant.

This appeal presents the limited issue of whether the appellate court erred in affirming the trial court's order of discharge under the 120-day rule.

We recognize that the State has a right to appeal from an order of the trial court allowing the defendant's motion

for discharge on the ground that he was not brought to trial within 120 days from the date on which he was taken into custody. We so held in *People v. Love, 39 Ill.2d 436,* and *People v. Petropoulos, 34 Ill. 2d 179.* In *Love,* at page 439, we stated: "This court in *People v. Petropoulos, 34 Ill.2d 179,* declared that a judgment which discharged an accused because of the State's failure to bring him to trial within 120 days as provided by section 103—5 of the Code of Criminal Procedure was a judgment the substantive effect of which resulted in the dismissal of the indictment against the defendant and was therefore a judgment appealable by the State."

In this appeal the State contends: (1) that the February 20, 1969, continuance was to the fall jury session of the court and that the 120-day rule did not commence running until the fall term, and (2) that the April 18, 1969, continuance of the hearing on the defendant's motions was a general continuance of the cause, thereby tolling the statute until the defendant demanded a trial.

Section 103—5 of the Code of Criminal Procedure (Ill.Rev.Stat. 1967, ch. 38 par. 103—5), provides in part as follows: "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal. *** (d) Every person not tried in accordance with subsections (a) *** of this Section shall be discharged from custody ***."

The State urges that we should take judicial notice that in Randolph County it is the custom to hold only two

criminal jury sessions each year—one in the spring and one in the fall—and that when the defendant moved to continue his trial from February 24, 1969, it was with full knowledge that he would not be brought to trial until sometime in the fall of 1969. Ours is a unified court system and this court will take judicial notice of its records. *Fox v. Fox, 9 Ill.2d 509, 518.*

The record shows that on February 20, 1969, the court stated and the defendant understood that his case was "taken off the trial docket for February 24th." On the same date, the defendant's counsel was granted 30 days, until April 18, 1969, within which to file pre-trial motions. The defendant had the right to believe that hearing on his motions was being continued for 30 days, as indeed it was, but his case had already been continued generally for trial—to an indefinite date.

On April 18, 1969, a docket entry was made which stated that "Said motions (were) continued indefinitely at the request and agreement of all counsel concerned." Again, the continuance was general—to an indefinite date.

The record contains no indication tha the defendant was personally in court on April 18, 1969. However, he was present by and through counsel. His counsel requested the court to continue this hearing, and it constituted a delay occasioned by the defendant. *People v. Williams, 27 Ill.2d 327, 329, 330; People v. Woods, 27 Ill.2d 393, 396.*

The defendant's motions of August 25, 1969, for a mental hearing, examination by a qualified psychiatrist and for withdrawal of existing counsel and the appointment of new counsel, likewise caused a delay chargeable to the defendant which again tolled the 120-day statute. See: *People v. Faulisi, 34 Ill.2d 187, 191; People v. Barksdale, 110 Ill.App.2d 163.*

Under these circumstances, the trial court properly denied the oral motion for discharge which was made on August 25, 1969, and the written motion filed by the defendant's new counsel on September 25, 1969. The

court's finding on November 14, 1969, that the defendant did not agree to the April 18, 1969 continuance, and that the statute began to run on April 18, 1969, was without supporting facts and its order of discharge based on this finding was erroneous.

The cause was continued indefinitely on February 20, 1969, and the pre-trial motions were continued indefinitely on April 18, 1969, all at the defendant's request. The failure to try the defendant within the 120 day requirement was due to these indefinite continuances, which he obtained.

In *People v. Williams, 403 Ill. 429, at page 432,* we stated: "The failure to try him within the statutory period was due to his agreement to an indefinite continuance; hence the statute does not apply." Such was the circumstance in this case. It is in the interest of the defendant, the People and the Court, that all continuances be made to a day certain. Indefinite continuances are an anathema to the law.

In the case at bar, as the February 24, 1969, trial date approached, the defendant filed motions which delayed a jury trial of his case until the fall of 1969. And on August 25, 1969, when he faced the September 15, 1969, trial date, he filed further motions which precluded trying the case before the September, 1969 jury.

Accordingly, we find that the delay in connection with brining the defendant to trial was occasioned by his own acts, and we reverse the judgment of the appellate court, which affirmed the trial court, and the cause is remanded for trial.

*Reversed and remanded.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.