THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES YARBAR, a/k/a James Yardbrough, Defendant-Appellant.

First District (4th Division)    No. 76-243

Opinion filed November 3, 1976.

James Geis and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from a dismissal of defendant's *pro se* petition under the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) which he now wishes to treat as a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). The issues presented for review are:

"(1) Whether defendant's appeal may be brought under the Post-Conviction Hearing Act;

(2) Whether the change of defendant's sentence complies with the Unified Code of Corrections and satisfies constitutional requirements; and

(3) Whether the trial court erred in denying defendant credit for time served on probation."

Defendant was originally charged with armed robbery and pleaded guilty on December 22, 1970, to the lesser included offense of robbery for which he received probation on the condition that he serve the first year in the county jail. On December 7, 1971, he was arrested and indicted for burglary. Subsequently his probation was revoked and he was sentenced to 5 to 10 years imprisonment on his original robbery conviction. The burglary indictment was dismissed on the State's motion. Defendant then appealed. His direct appeal was pending on January 1, 1973, the effective date of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) This court affirmed the judgment revoking defendant's probation, but remanded the cause with directions to resentence defendant in accordance with the Unified Code of Corrections. (*People v. Yarbar* (1973), 14 Ill. App. 3d 267, 302 N.E.2d 442.) The trial court subsequently modified his sentence from 5 to 10 years to 4 to 12 years and denied defendant credit for time he had spent on probation.

No direct appeal was taken from the sentencing order. On July 31, 1974, defendant filed a *pro se* "Motion to Vacate Sentence pursuant to Chapter 110, Section 72 (1) (3) Illinois Revised Statutes, 1973." There was some misunderstanding as to whether defendant's petition should be considered under the Civil Practice Act or under the Post-Conviction Hearing Act. In any event defendant's petition for a reduction in his sentence was denied and this appeal followed.

Defendant contends that his *pro se* motion to vacate sentence pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) must be properly treated as a petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) He relies on *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 292 N.E.2d 379, in asserting that a *pro se* petition, however labeled, and however inartfully drawn, alleging violations of rights present in a post-conviction proceeding should be treated as a post-conviction petition. The State argues that section 72 of the Civil Practice Act is inapplicable in the instant case since the defendant is merely claiming that the trial court made a legal error in his sentencing. Furthermore, it asserts that defendant could have presented his legal issues on direct appeal and that he was not denied substantial constitutional rights. Therefore, his appeal should be dismissed under the Post-Conviction Hearing Act.

■■ Our supreme court has set forth three statutory methods of collateral attack upon a judgment: section 72 of the Civil Practice Act, the Habeas Corpus Act, and the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1973, ch. 110, par. 72; ch. 65, par. 1 *et seq.*; ch. 38, par. 122—1 *et seq.*; *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164.) The purpose of section 72 of the Civil Practice Act is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. (*People v. Hinton* (1972), 52 Ill. 2d 239, 287 N.E.2d 657.) Upon review of the record and defendant's brief in the case before us we find no assertion of new factual matters since rendition of judgment. We therefore find the Act inapplicable. We look rather to the applicability of the Illinois Post-Conviction Hearing Act. An ineptly drawn *pro se* petition for writ of habeas corpus may be treated as a request for relief under the Post-Conviction Hearing Act where the Act is otherwise applicable and appropriate. *People ex rel. Palmer v. Twomey* (1973), 53 Ill. 2d 479, 292 N.E.2d 379.

Defendant in the case before us filed a *pro se* "motion to vacate sentence" pursuant to section 72 of the Illinois Civil Practice Act. The motion was given a "P C" number which has since been crossed out. In his motion defendant alleged that the imposition of the higher maximum sentence violated his right to due process on the ground that no showing

had been made that he had committed any misconduct since the original sentencing. The trial judge had given defendant a ratio of one to three under the new Illinois Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(c)(4)) by reducing the minimum sentence from 5 to 4 years and increasing the maximum from 10 to 12 years. To comply with the *Twomey* policy of adjudicating the operative facts in one single proceeding, with finality, we are treating this appeal under the Illinois Post-Conviction Hearing Act.

Defendant further argues that he was denied constitutional due process when he was given a greater sentence after this court had remanded the cause for new sentencing. He asserts that the trial court erred in changing his sentence from 5 to 10 years to 4 to 12 years to be in conformity with the new Illinois Code of Corrections.

Prior to our consideration of the merits of defendant's contention, we deem it appropriate to look to the State's motion to dismiss the instant appeal on the grounds that this action is untimely. The State argues that the Post-Conviction Hearing Act is not available for review of claims which were or could have been presented on the direct review of the conviction (*People v. Myers* (1970), 46 Ill. 2d 270, 263 N.E.2d 113), unless fundamental fairness requires otherwise. *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663.

Two recent cases emanating from this court have treated the relationship between the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*) and the availability of relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*; *People v. Alexander* (1976), 40 Ill. App. 3d 457, 352 N.E.2d 245; *People v. Hopkins* (1976), 41 Ill. App. 3d 430, 354 N.E.2d 141.) Both *Alexander* and *Hopkins* distinguished cases denying post-conviction relief as an appropriate method for seeking sentence modification under the Unified Code of Corrections or where the sentence is excessive. Each case afforded the respective defendants post-conviction relief in situations where a defendant had a direct appeal pending at the time the Unified Code of Corrections became effective. "To deny the Code benefits to certain defendants whose direct appeals were pending on its effective date while affording relief to other defendants who might be similarly situated, would be tantamount to a denial of equal protection." *Hopkins*, at 3.

■■ Defendant in the case before us had his direct appeal pending on January 1, 1973, the effective date of the Unified Code of Corrections. This court then affirmed the judgment revoking defendant's probation, but remanded the cause with directions to resentence defendant in accordance with the Unified Code of Corrections. The trial court subsequently modified his sentence from 5 to 10 years to 4 to 12 years and

denied him credit for time served on probation. We believe that *Alexander* and *Hopkins* afford the defendant before us post-conviction relief in order that he be granted equal protection under the Unified Code of Corrections. Moreover, fundamental fairness requires that we reach the merits of defendant's contention.

The State further asserts that the change in sentence does not amount to an increase in punishment. It reasons that defendant's original sentence would allow him to come before the parole board in 3 years and 9 months while his 4- to 12-year sentence allows him to appear before the parole board in 3 years and 2 months. Defendant could thus regain his freedom earlier than he could have done under the original sentence.

Under the Unified Code of Corrections robbery was treated as a Class 2 felony on January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, par. 18—1(b).) Because the minimum sentence may not exceed one-third the maximum term set by the court— in this case 10 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3) and (c)(3)), a sentence reduction would amount to a term of 3 years and 4 months to 10 years. Moreover, our supreme court specifically treated the constitutional question as it related to an increased penalty imposed after retrial. (*People v. Baze* (1969), 43 Ill. 2d 298, 253 N.E.2d 392.) In following *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, it stated:

> "In the absence of an affirmative showing of identifiable conduct on the part of defendant occurring *after* the original sentencing, on which the increased sentence was based, the imposition of the heavier sentence on retrial here violated the constitutional right to due process of law." 43 Ill. 2d 298, 303.

■■ Upon review of the record in the case before us we find nothing in defendant's conduct after the original sentencing which would warrant an increased sentence. We therefor find the 4- to 12-year sentence to be improper. Robbery is a Class 2 felony wherein the minimum sentence may not exceed one-third the maximum sentence imposed—in this case 10 years. Under the authority of Supreme Court Rules 651(d) and 615(b) we reduce the minimum sentence to 3 years and 4 months.

● 4 The State admits that the trial court improperly denied defendant credit for time served on probation. Accordingly, defendant's robbery sentence is reduced to 3 years and 4 months to 10 years, and he is given credit for time served on probation.

Affirmed in part; modified in part.

JOHNSON, P. J., and BURMAN, J., concur.