THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN PRIDE, Defendant-Appellant.

First District (3rd Division)   No. 85—190

Opinion filed April 2, 1986.—Modified opinion filed on denial of rehearing
June 25, 1986.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's
Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Kay M. Ceresa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Kevin Pride was charged with two counts of murder and two counts of armed violence. Following the entry of a guilty plea and a stipulation to the facts, defendant was found guilty of voluntary manslaughter and armed violence based on voluntary manslaughter. Because both charges were based on the same act, the trial court entered judgment only on the greater offense of armed violence and sentenced defendant to a term of 17½ years.

The stipulated facts disclose that Anthony Kellum would testify that on April 1, 1982, he and his brother, Ricky Kellum, were met by defendant, Dwayne Thomas and two other persons. Anthony and Thomas engaged in a fist fight. Ricky picked up a brick, announcing that he wanted to make sure the fight remained fair. Defendant and Ricky began arguing verbally, and Ricky threw the brick at defendant. Defendant then shot Ricky, who subsequently died as a result of his wounds.

On May 6, 1983, defendant changed his plea from not guilty to guilty of voluntary manslaughter and armed violence based on voluntary manslaughter. The trial court explained to defendant what potential sentences the charges carried with them. Following sentencing, the trial court explained to defendant that he could appeal within 30 days; that if he wished to appeal he first would have to file a written motion with the trial court asking that the judgment and sentence be vacated and the plea of guilty withdrawn; and that failure to raise errors at the trial court level would preclude his raising the errors on appeal.

On appeal, defendant contends that, based on *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, decided after defendant was sentenced, his plea of guilty to armed violence based on voluntary manslaughter must be vacated. The *Alejos* court held that the crime of armed violence may not be predicated on voluntary manslaughter. The State counters that defendant's failure to file a motion in the trial court to withdraw his guilty plea and vacate the judgment precludes defendant from appealing to this court. The State concedes, however, that if this court decides not to dismiss defendant's appeal, defendant is correct that under *Alejos* his plea must be vacated and the cause remanded for resentencing on voluntary manslaughter.

■■ Illinois Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) provides that, "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." Defendant here failed to comply with the procedural requisite for perfecting an appeal. We have, however, previously addressed the merits of an appeal despite defendant's failure to file the appropriate motion to withdraw his guilty plea and vacate the judgment in the trial court. See *People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128 (where defense counsel's failure to perfect the appeal constituted ineffective assistance of counsel); *People v. DuMontelle* (1977), 49 Ill. App. 3d 187, 364 N.E.2d 95, *reversed on other grounds* (1978), 71 Ill. 2d 157, 374 N.E.2d 205 (where noncompliance was not raised by either party); *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329 (where trial court failed to advise defendant of the requirement of filing a motion prior to appeal).

■ The argument that a criminal charge is void can be raised at any time, regardless of whether it was properly preserved for review. (*People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298 (not necessary to preserve error where court found conviction void because the enhancement used was improper and without statutory authority); *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, citing *People v. Walker* (1980), 83 Ill. 2d 306, 415 N.E.2d 1021 (not necessary to preserve error where court found conviction was a nullity due to decision, which was filed while appeal was pending, which held statute under which *Wagner* defendant was convicted to be unconstitutional); *People v. Waelterman* (1983), 112 Ill. App. 3d 483, 445 N.E.2d 817, citing *People v. Walker* (1980), 83 Ill. 2d 306, 415 N.E.2d 1021 (not necessary to preserve error where court found armed violence charge was void due to earlier decision which prohibited type of enhancement that occurred here).) The State argues that the judgment here is only voidable, and not void. It relies on *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 353 N.E.2d 253, where the court defined void judgments as those where the record shows that the court acted without proper jurisdiction. The criminal judgment here, however, is not being declared void for lack of jurisdiction. Instead, it is void because defendant was convicted of and sentenced for a charge that has no statutory authority, which was not an issue discussed in *Orrway Motor Service, Inc.*

In *People v. Fernetti* (1984), 104 Ill. 2d 19, 470 N.E.2d 501, the court held that the issue of whether involuntary manslaughter may serve as a predicate felony under the armed violence statute was not

waived when it was raised for the first time in the supreme court, because of the intervening decision in *People v. Alejos*. The *Fernetti* court noted that defendants were tried and their appeals were completed prior to the decision in *Alejos*. Nevertheless, the court held that serious injustice would result if it were to refuse to consider the sentencing issues under the *Alejos* decision. Thus, the court concluded that, in the interest of fairness and substantial justice, it would consider the issue under the exception to the waiver rule. (87 Ill. 2d R. 615(a).) Similarly, we believe that it would be inherently unfair to refuse to address the sentencing issue raised in this appeal. We note further that denying the benefit of the *Alejos* decision to a defendant who did not have a direct appeal pending when that decision was filed, while at the same time granting the benefit to the other defendants who had direct appeals pending, might result in a denial of equal protection. (See *People v. Yarbar* (1976), 43 Ill. App. 3d 668, 357 N.E.2d 166.) Moreover, conviction and a sentence for an offense that does not exist violates a defendant's constitutional right to due process. (*People v. Kessinger* (1985), 133 Ill. App. 3d 831, 479 N.E.2d 466.) This gives us further reason to address the merits here. Under these basic principles, we will address defendant's appeal, notwithstanding his failure to file a motion under Rule 604(d).

■■ Although we could remand the case for a hearing on the sentencing issue, it is more judicially economical to dispose of the merits of the appeal here. (See *People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128.) The substantive basis for the appeal is apparent from the record. (See *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329.) More importantly, the State concedes that defendant is correct on the merits. Defendant was sentenced prior to the decision in *People v. Alejos*, which held that voluntary manslaughter cannot be enhanced to a Class X felony based on an armed violence charge. Defendant's plea of guilty to armed violence based on voluntary manslaughter, therefore, must be vacated and the cause remanded for resentencing on voluntary manslaughter.

■■ At oral argument, the State asked for the first time that we vacate the entire trial court proceeding and reinstate the original charges of murder. In its brief, however, the State maintains that, if we follow *Alejos*, we should remand for resentencing on voluntary manslaughter. Under supreme court rules, the appellee may not raise points in oral argument which were not raised by appellee in its brief. (87 Ill. 2d R. 341(e)(7), (f).) Thus, we do not address this issue.

Accordingly, defendant's conviction for voluntary manslaughter is affirmed. His conviction for armed violence is vacated, and the matter

is remanded to the circuit court of Cook County for resentencing on voluntary manslaughter.

Affirmed in part; vacated in part; and remanded for resentencing.

RIZZI, P.J., and WHITE, J., concur.