THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALLEN B. LEV, Defendant-Appellant.
Second District   No. 2—86—0705

Opinion filed February 17, 1988.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Allen Lev, appeals from the order of the circuit court of Du Page County denying his motion to vacate his guilty plea pursu-

ant to Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). Defendant pleaded guilty to the charge of attempted possession of a controlled substance with the intent to deliver and was sentenced to 30 months' probation subject to service of 90 days' work release, a $500 fine, and forfeiture of $30,000. On appeal, defendant argues that his conviction must be vacated since the offense for which he stands convicted does not exist under Illinois law and is illusory.

The State charged defendant with attempted unlawful possession with the intent to deliver a controlled substance and conspiracy to commit unlawful possession of a controlled substance with the intent to deliver. These charges stem from defendant's attempting to purchase 30 grams of cocaine from an undercover agent, Kenneth Kaupas. Kaupas would have testified that he met with Frank O'Brien, a codefendant, on April 15, 1985, who sought a cocaine supplier for large scale drug transactions. O'Brien discussed with Kaupas the purchase of a kilogram of cocaine at a cost of $44,000.

In June 1985, O'Brien contacted Kaupas indicating that he knew someone who was interested in purchasing cocaine. Kaupas and O'Brien arranged to transact the narcotics deal in Naperville, Illinois. Kaupas also spoke with someone who identified himself as "Al." Al told Kaupas that he had the money for the purchase and further discussed the quality and quantity of cocaine and the opportunity to conduct future transactions.

Kaupas arrived at Dominick's Food Store in Naperville at 4 p.m. and approached O'Brien, who was seated in a car. O'Brien introduced defendant and Ronald Nemerow as the person who contributed money for the purchase. Defendant discussed the quality of the cocaine and the possibility of conducting future transactions. Defendant produced a large sum of money from the front seat of the car and proceeded to walk with Kaupas in order to pick up the cocaine. Kaupas gave the prearranged arrest signal, at which time the surveilling agents effected the arrest. The search of the vehicle belonging to O'Brien revealed a triple beam scale as well as a four-ounce bottle of inositol powder and a one-half ounce bottle of superior inositol, which is usually combined with cocaine before it is sold.

Defendant, waiving his *Miranda* rights, admitted that approximately $30,000 of the purchase money belonged to him. According to the defendant, the balance was Ronald Nemerow's money.

On June 9, 1986, after being advised of his rights, defendant pleaded guilty as a result of a plea agreement with the State. The agreement provided that defendant would waive his interest in the $44,000, receive 30 months' probation and 90 days' work release, pay

$12 daily room and board charges, and pay a $500 fine. The State nol-prossed the charge of conspiracy. The court, advising defendant of his right to appeal, stated:

> "If you do decide to appeal, in order to appeal, you must file a motion in this Court within 30 days of today's date asking leave to withdraw the plea of guilty and vacate the sentence and conviction listing legal grounds. If you are unable to afford an attorney and you are indigent, I will appoint an attorney to represent you, and a record of all court proceedings will be made available to you free of charge."

On July 7, 1986, defendant filed a *pro se* notice of motion which stated that on July 11 defendant planned to "move the court for an extension of time in which to file a motion to vacate plea of guilty." On July 11 the court appointed the public defender to represent defendant on his motion to withdraw his plea of guilty. The public defender filed a motion to vacate the guilty plea on July 14, 1986. On July 17 the court granted defendant leave to amend his motion to include facts supporting his request, *i.e.*, that the charge as stated was not a violation of a criminal statute and that the court was without jurisdiction to enter judgment on defendant's plea of guilty. The State did not object to the amendment but stated for the record that since 30 days had passed since sentencing, the court lacked jurisdiction to entertain the motion. The court thereafter denied defendant's motion, and defendant appeals.

■ The State urges us to dismiss the appeal for lack of jurisdiction in that the defendant failed to perfect his appeal by timely filing a motion to vacate his sentence and withdraw his guilty plea. The argument that a criminal charge is void can be raised at any time, regardless of whether it was properly preserved for review. (*People v. Pride* (1986), 144 Ill. App. 3d 612, 614, 494 N.E.2d 509, 511, citing *People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298.) Where a defendant was convicted of and sentenced for a charge that has no statutory authority, the judgment is void. (*Pride*, 144 Ill. App. 3d at 614, 494 N.E.2d at 511.) In *Pride*, the court found that a conviction and a sentence for an offense that did not exist violated a defendant's constitutional right to due process so it decided to address defendant's appeal notwithstanding his failure to file a motion under Rule 604(d). (*Pride*, 144 Ill. App. 3d at 615, 494 N.E.2d at 511.) Likewise, we conclude that review of the merits in this instance is proper.

■ ■ Additionally, we conclude that alternate grounds exist to review the merits of this appeal. Since defendant, *pro se*, filed a document within 30 days of the sentencing which revealed his intent to

withdraw his guilty plea, the court could properly construe this document as a request to vacate his plea of guilty. While defendant's actions were not procedurally correct, we believe this case is analogous to *People v. Woods* (1985), 134 Ill. App. 3d 294, 480 N.E.2d 179, where the court held that although the original motion did not state grounds for withdrawing the plea, the second motion was supported, and the trial court had discretion to allow the defendant to supplement the original motion.

We turn now to the merits of the appeal. Defendant contends that an attempt to possess a controlled substance with an intent to deliver is not an offense in Illinois. Specifically, defendant argues that (1) the offense is not enumerated in the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1985, ch. 56½, par. 1100 *et seq.*); (2) if the charge stated an offense, the amount of contraband involved would be difficult to determine for punishment; (3) the offense would subject an individual who attempted to possess 30 grams of cocaine to a more severe punishment than an individual who succeeded; and (4) the offense is the equivalent to an attempt to attempt delivery, an illusory offense.

■■ Defendant's first argument in support of his contention that he was convicted of an act which is not an offense in Illinois—that an attempted possession with intent to deliver is not enumerated in the Act—is not persuasive. Section 401 of the Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401) provides that "it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance." Section 8—4 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 8—4(a)) prescribes that "[a] person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." That the offense of attempted possession with intent to deliver is not listed as such is inconsequential. We note that other recognized attempt offenses also are not listed. Moreover, by definition, the crime of attempt does not specify the underlying offense but criminalizes the action of taking a substantial step toward the commission of a specific offense.

■■ Defendant asserts that the lack of explicit prohibition of the inchoate offense of possession reveals the legislature's intent not to extend the Code to include attempted possession. We do not view the omission as dispositive of the legislature's intent. In *People v. Caryl* (1977), 54 Ill. App. 3d 537, 369 N.E.2d 926, the court held that even where the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 709(c)) prohibited conspiracies, the section did not preempt the gen-

eral conspiracy statute under the Code (Ill. Rev. Stat. 1985, ch. 38, par. 8—2). By analogy, we view the general attempt statute as applying to violations of the Illinois Controlled Substances Act. Furthermore, the fact that an attempt or conspiracy to violate the Act is designated an offense under section 846 of the Comprehensive Drug Abuse Prevention and Control Act (21 U.S.C. §846 (1982)) does not reflect our legislature's intent not to institute a crime. See *Caryl*, 54 Ill. App. 3d at 539, 369 N.E.2d at 927.

■ Defendant's claim that an attempted violation of section 401 of the Act would be difficult to punish does not mandate a finding that the offense is nonexistent. According to the facts presented here, negotiations by the defendant and the undercover agent were for 30 grams of cocaine, which is a defined or certain amount. The amount negotiated would make the principal crime punishable as a Class X offense and the attempted crime, under section 8—4(c)(2) of the Code, punishable as a Class 1 offense.

■ Moreover, defendant attacks the constitutionality of the offense by alleging that those who attempt to possess would be subject to the same penalties as those who actually complete the transaction and are in actual possession of the contraband. Defendant ignores that he was actually charged with an attempted possession of a controlled substance with intent to deliver. Had he been charged solely with the offense of possession, a Class 1 offense, and attempted possession with intent to deliver, also a Class 1 offense, he would receive the same punishment. However, there is no sentencing anomaly where defendant was also charged with the intent to deliver.

■ Defendant's final contention is that his conviction is the equivalent of convicting him of an attempted attempt to deliver, an illusory offense. (*People v. Waelterman* (1983), 112 Ill. App. 3d 483, 445 N.E.2d 817.) Defendant's only authority for his contention is *People v. Reagan* (1983), 99 Ill. 2d 238, 457 N.E.2d 1260. In *Reagan* our supreme court concluded that an attempt to accomplish an unintended result does not state a crime of attempt in Illinois. In this case, there is no problem with inconsistent mental states. The underlying offense of possession with intent to deliver is not logically inconsistent with the offense of attempted possession with intent to deliver.

Additionally, at least one court has considered an attempt under this Act a crime. In *People v. Douglas* (1980), 86 Ill. App. 3d 668, 408 N.E.2d 239, defendant forged a doctor's signature on a prescription for a controlled substance which he tendered to a pharmacist. The pharmacist alerted the police, who charged defendant with attempt to violate the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch.

56½, par. 1208(c)(1)). The court upheld defendant's conviction.

We disagree with the defendant's contention that possession with intent to deliver is the equivalent of attempted delivery. While possession of amounts greater than 30 grams evidences an intent to deliver, the legislature chose to make delivery and possession separate offenses under the Act. Therefore, section 8—4 of the Code would apply to either section. In our view, an attempted delivery would include an individual who actually has possession of a controlled substance and is frustrated in his attempts to deliver the substance or transfer the substance to another individual. In this case, we have a defendant who intended to deliver the cocaine but did not take any steps to deliver the substance.

Accordingly, we affirm the trial court's order denying defendant's motion to vacate his sentence and withdraw his guilty plea.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.