THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JOSEPH PERRUQUET, Petitioner-Appellant.

Fifth District   No. 5—87—0466

Opinion filed March 30, 1989.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Petitioner, Joseph Perruquet, appeals from a judgment of the circuit court of Williamson County which dismissed, as frivolous, his petition for post-conviction relief. On this appeal, petitioner argues that he should not have received an extended-term sentence of 30 years' imprisonment on his conviction for aggravated kidnapping because that was not the most serious offense for which he was found guilty. We agree. For the reasons which follow, we therefore reverse the judgment dismissing the petition and modify petitioner's sentence on the aggravated kidnapping conviction.

The circumstances giving rise to this appeal are not in dispute. Following a jury trial in the circuit court of Williamson County, petitioner was convicted of deviate sexual assault, two counts of rape, and aggravated kidnapping. The circuit court sentenced him to extended terms of 60 years on each of the convictions for deviate sexual assault and rape, which were Class X felonies (see Ill. Rev. Stat. 1981, ch. 38, pars. 11—1(c), 11—3(b)). The court also gave defendant an extended-term sentence, this one for 30 years, on the conviction for aggravated kidnapping, a Class 1 felony (see Ill. Rev. Stat. 1981, ch. 38, par. 10—2(b)(2)). Two of the 60-year sentences were to be served consecutively, while the remaining sentences were to be served concurrently.

On direct appeal to this court, the circuit court's judgment was affirmed. (*People v. Perruquet* (1983), 118 Ill. App. 3d 293, 454 N.E.2d 1055.) One of the claims which defendant made on that appeal was that the extended-term sentence he received for aggravated kidnapping could not stand. Defendant argued that under the extended-term sentencing statute, section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2), extended-term sentences could be imposed only for the most serious offense or offenses of which a party was convicted. Here, that would be the rape and deviate sexual assault convictions, all of which, as we have indicated, were Class X felonies. Correspondingly, he claimed that an extended-term sentence

was not authorized for his conviction for aggravated kidnapping, which was only a Class 1 felony and therefore a lesser offense.

■■ We expressly rejected this argument. (See *Perruquet*, 118 Ill. App. 3d at 299, 454 N.E.2d at 1059-60.) Petitioner appealed the matter no further. One year later, however, our supreme court issued an opinion in *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569, which indicated that we had been wrong and that petitioner had been correct about how the extended-term statute should be interpreted. In its opinion, the court held that under the statute, "extended-term sentences may only be imposed for the offenses within the most serious class of offense of which the accused is convicted." (103 Ill. 2d at 207, 469 N.E.2d at 576.) Giving petitioner an extended-term sentence on the aggravated kidnapping conviction, which was not within the most serious class of offenses for which he was convicted, thus exceeded what the statute permits.

Petitioner subsequently filed a petition for post-conviction relief. As we have indicated, that petition was dismissed as frivolous, and petitioner has appealed. On this appeal, petitioner argues simply that in light of *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569, his extended-term sentence for aggravated kidnapping cannot stand. We agree.

■■ Although the supreme court's decision in *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569, was not rendered until after petitioner's direct appeal had concluded, the general rule in this State is that a decision will be applied retroactively unless the court expressly declares that its decision is a clear break with the past, such as when a court explicitly overrules its own past precedent, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority. (*Larrance v. Human Rights Comm'n* (1988), 166 Ill. App. 3d 224, 230, 519 N.E.2d 1203, 1208.) There is nothing in *Jordan* to suggest that it should not be applied retroactively. What lower court authority existed at the time it was decided was hardly well established. To the contrary, the appellate courts were divided on the matter. (See *People v. Perruquet* (1983), 118 Ill. App. 3d 293, 298, 454 N.E.2d 1055, 1059.) Moreover, the court in *Jordan* did not overrule its own past precedent. Rather, it merely reaffirmed its prior holding in *People v. Evans* (1981), 87 Ill. 2d 77, 429 N.E.2d 520 (*People v. Jordan* (1984), 103 Ill. 2d 192, 205, 469 N.E.2d 569, 575), and the effect of *Jordan* was simply to declare what the statute in question had meant from the date of its effectiveness onward. There can therefore be no serious doubt that *Jordan* would apply to all whose cases remained pending at the time it was decided. It

has, in fact, been so applied. (See *People v. Holland* (1987), 121 Ill. 2d 136, 161, 520 N.E.2d 270, 281.) Under these circumstances, to refuse to consider application of *Jordan* to petitioner's case merely because his attorney failed to take steps to keep his direct appeal open until *Jordan* was decided would be inherently unfair and could result in a denial of equal protection. See *People v. Pride* (1986), 144 Ill. App. 3d 612, 615, 494 N.E.2d 509, 511.

■ The State nevertheless argues that the question of whether petitioner should have received an extended term for aggravated kidnapping is simply a matter of statutory construction and that erroneous statutory construction is not an issue of constitutional magnitude which is cognizable in a post-conviction proceeding. We note, however, that under *Jordan*, the extended-term sentence imposed by the circuit court on the aggravated kidnapping conviction exceeded what was authorized by statute. Where a court imposes a sentence in excess of what a statute permits, the legal and authorized portion of the sentence is not void, but the excess portion of the sentence is void. (*In re C.T.* (1985), 137 Ill. App. 3d 42, 46, 484 N.E.2d 361, 364.) To the extent that the excess sentence is void, the judgment is void also, and a void judgment may be vacated at any time. Given this, we believe that petitioner's attack on his extended-term sentence is, in effect, an attack on a void judgment. Such an attack does not depend upon the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) for its viability, and the question of whether a constitutional violation has occurred is therefore entirely academic. *People v. Miller* (1986), 144 Ill. App. 3d 69, 70-71, 493 N.E.2d 1095, 1096.

The State further argues that petitioner should not be allowed to challenge the extended-term sentence because: (1) the issue was previously decided against him by this court on direct appeal and is therefore *res judicata*; and (2) the question of whether the extended-term sentence was proper was not raised by petitioner at the circuit court level in this case and has therefore been waived. Neither of these claims has merit.

■ Principles of *res judicata* will not bar relitigation of a claim in a post-conviction proceeding where fundamental fairness so requires. (*People v. Smith* (1985), 136 Ill. App. 3d 300, 304, 483 N.E.2d 655, 659.) Given that petitioner's extended-term sentence for aggravated kidnapping has now been shown to be void, this is surely a case in which fundamental fairness requires that petitioner be allowed to challenge that sentence again, our previous ruling on the matter notwithstanding.

■ We likewise believe that petitioner's failure to challenge the

propriety of his extended-term sentence at the circuit court level in this proceeding should not bar our consideration of the issue on grounds of waiver. This is so for two reasons. First, the improper sentencing of petitioner to an extended-term on the aggravated kidnapping conviction is cognizable by this court under the doctrine of "plain error." (*People v. Bivens* (1987), 156 Ill. App. 3d 222, 234, 509 N.E.2d 640, 648.) Second, and more to the point, the argument that a judgment in a criminal case is void is, as we have indicated, a matter which can be raised at any time. This is so regardless of whether the argument was properly preserved for review. *People v. Pride* (1986), 144 Ill. App. 3d 612, 614, 494 N.E.2d 509, 511.

For the foregoing reasons, the judgment of the circuit court of Williamson County dismissing petitioner's post-conviction petition is reversed, and petitioner's sentence for his conviction for aggravated kidnapping is modified to 15 years' imprisonment, the maximum sentence of imprisonment authorized by statute for a Class 1 felony. (See Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1 (a)(4).) We order this modification pursuant to our authority under Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)).

Reversed; sentence modified.

WELCH, P.J., and HOWERTON, J., concur.