THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CLEMENT VAUGHN, Defendant-Appellant.

First District (5th Division)   No. 1—88—1460

Opinion filed June 29, 1990.

Michael J. Pelletier and Maria Harrigan, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Bonnie Meyer Sloan, Special Assistant State's Attorney, and Renee Goldfarb and Donna J. Norton, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

Defendant, Clement Vaughn, was charged with aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, pars. 12—14(a)(2), (b)(1)), and pled guilty to that charge on February 19, 1988. Pursuant to a plea agreement, defendant was sentenced to six years' imprisonment.

On March 16, 1988, defendant filed a *pro se* motion to vacate the guilty plea, alleging that his attorney, Assistant Public Defender Viola Rouse, had rendered ineffective assistance when she advised him to plead guilty. On March 18, 1988, a hearing was held on the motion, at which the trial court advised defendant that he had the right to the services of an attorney. The court informed defendant that it would

appoint Assistant Public Defender Steve Helis if defendant desired representation. The defendant requested an attorney from the Chicago Bar Association, noting that Helis had been his attorney's trial partner when his case was first heard. The trial court denied the request, and the defendant proceeded *pro se*.

At the hearing, defendant claimed that he was misled by his attorney because she failed to explain particular aspects of his case before he pled guilty. The court concluded that defendant's claim had no merit and that he was seeking to withdraw his guilty plea because he had simply changed his mind. The court then denied defendant's motion.

On appeal, defendant contends that he should have been allowed to file a new motion to vacate his plea. He argues that the trial court failed to admonish him in accordance with Supreme Court Rule 605 (107 Ill. 2d R. 605); that the court failed to advise him of his right to an attorney and to a copy of the plea transcript for use in the preparation of the motion to vacate the plea; and, finally, that defendant's waiver of counsel on the motion to vacate was invalid because the court failed to consider defendant's argument that the attorney the court offered to appoint had a conflict of interest and because the court failed to warn defendant of the dangers of proceeding *pro se*. For reasons which follow, we reverse the trial court's order and remand for further proceedings.

Defendant pled guilty to aggravated criminal sexual assault but then sought to vacate the plea. (107 Ill. 2d R. 604(d).) He filed a timely *pro se* motion to do so, and at the hearing on the motion, the court offered to appoint Assistant Public Defender Helis or allow defendant to proceed *pro se*. The following colloquy occurred:

"THE COURT: Mr. Vaughn, you have a right if you wish to have the services of [*sic*] attorney to represent you during these proceedings, and if you wish I would appoint Mr. Steve Helis to represent you if you want that. Otherwise you are free to speak up on your own behalf in connection with your motion to withdraw your guilty plea.

MR. VAUGHN: Well, your Honor, I would like to be, if I can, be appointed a bar association lawyer.

THE COURT: No, I won't do that.

MR. VAUGHN: This case is a matter of ground points, Point 4, good reasons—.

THE COURT: Tell me what those reasons are. You didn't get along with Miss Rouse it appears?

MR. VAUGHN: No, sir, I didn't.

THE COURT: Mr. Helis is not Miss Rouse. If you want his

help, but I can't force it on you.

MR. VAUGHN: I figure that they working together, and that is the chance that I didn't want to take in this matter of time.

THE COURT: There has been a recent Supreme Court case, and the name of it escapes me, in which the Supreme Court said unless there are specific reasons for showing that there is a conflict of interest between the two attorneys, there is no per se conflict of interest just because they happen to be in the same office. In this case I know of no per se conflict, so I am not going to appoint anyone from the bar association. I will appoint someone from the Public Defender's Office, and Mr. Helis is from the Public Defender's Office. If you wish his services, I will be more than happy to appoint him to represent you, because you certainly don't want Miss Rouse, and I understand that.

MR. VAUGHN: Yes, sir.

THE COURT: But I am not going to appoint an attorney from the bar association unless you—.

MR. VAUGHN: So I will go along pro se."

After hearing further arguments by defendant, the trial court denied defendant's motion. The record does not include any statements by, or to, attorneys Rouse or Helis which would indicate their attendance at this hearing. The assistant State's Attorney was present and gave a brief argument in opposition to defendant's motion.

■ The right to effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the Federal Constitution (U.S. Const., amends. VI, XIV), and the State Constitution (Ill. Const. 1970, art. I, §8), includes the right to have the undivided loyalty of counsel, free from any conflict of interest. (*Glasser v. United States* (1942), 315 U.S. 60, 75-76, 86 L. Ed. 680, 702, 62 S. Ct. 457, 467-68; *People v. Free* (1986), 112 Ill. 2d 154, 167, 492 N.E.2d 1269, 1274; *People v. Sanchez* (1987), 161 Ill. App. 3d 586, 591, 515 N.E.2d 213, 216.) Here, the trial court offered only to appoint attorney Helis, despite defendant's concern that a conflict existed because Helis had been Rouse's partner when the case was first heard by the trial court.

■■ While the record before us does not indicate that the two were partners at the time, we take judicial notice of the contents of the records on appeal in *People v. Carter* (1st Dist.), No. 1—88—3102, and *People v. Clayborn* (1st Dist.), No. 1—88—1968, which do reflect a working relationship between the two attorneys during the time in question. Specifically, as reflected in the record in *Clayborn*, Rouse stated, "I have spoken to Mr. Helis, who is my partner in this courtroom." In granting defendant's motion to supplement the record with

documentation from these cases, we have reconsidered our prior order permitting same, and have again concluded that we have the authority to do so. (See *People v. Williams* (1982), 93 Ill. 2d 309, 314-15, 444 N.E.2d 136, 138; *People v. Siglar* (1971), 49 Ill. 2d 491, 495-96, 274 N.E.2d 65, 67; *Fox v. Fox* (1956), 9 Ill. 2d 509, 517-18, 138 N.E.2d 547, 552; *People v. Alexander* (1976), 40 Ill. App. 3d 457, 460, 352 N.E.2d 245, 247; M. Graham, Cleary & Graham's Handbook of Illinois Evidence §202.2 (5th ed. 1990).) While taking judicial notice of these records to the extent that they are of assistance in clarifying defendant's contentions, we wish to make two observations. First, we are considering these documents only as they reflect that the same two attorneys involved in this case, Helis and Rouse, have apparently provided joint representation to other defendants before the same trial judge who heard Vaughn's plea and motion, and that at least once during February of 1988, Rouse, in addressing the court, referred to Helis as "her partner in [that judge's] courtroom." This much is a matter of public record, and we accept the authenticity of the aforementioned records on appeal. However, we state no opinion whatsoever as to the specific working relationship of the two attorneys at the time of, prior to, or subsequent to, defendant's hearings, the nature of that relationship as creating a potential conflict of interest precluding Helis' unfettered advocacy of defendant's claims, or the possible merits of defendant's underlying ineffective assistance claim as it relates to Rouse. These are matters for the trial court to determine. Furthermore, we wish to point out that defendant's expressed fear of representation by attorney Helis because he and Rouse were "working together," however inarticulate, was sufficient, without further factual substantiation by defendant at that point in the hearing, to meet the legal standards discussed below, so as to require further inquiry by the trial court as to whether a potential conflict of interest existed.

In *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173, the Supreme Court determined that if counsel brings a conflict to the trial court's attention, the trial court is under a duty to either appoint separate counsel or determine whether the conflict is so remote that separate counsel is not necessary. (*Holloway*, 435 U.S. at 484, 55 L. Ed. 2d at 434, 98 S. Ct. at 1178-79.) While *Holloway* involved multiple defendants and counsel's bringing the conflict to the trial court's attention, rather than a defendant acting *pro se*, its rationale is applicable here. Accordingly, once the defendant raised specific facts supporting the existence of a conflict, the trial court had a duty to conduct an inquiry to determine the necessity of appointing alternate counsel. The trial court here failed to consider defendant's

contention that the relationship between the two assistant public defenders presented a serious conflict of interest. While it is true that assistant public defenders may argue the ineffectiveness of one another, the fact that these two attorneys were alleged to be working together as trial partners created sufficient circumstances to indicate the possible presence of an actual conflict of interest. *People v. Banks* (1987), 121 Ill. 2d 36, 520 N.E.2d 617; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441; see generally J. Eisenstein & H. Jacob, Felony Justice: an Organizational Analysis of Criminal Courts (1977) (analyzing courtroom "workgroups").

The State argues that under the rule of *People v. Banks* (1987), 121 Ill. 2d 36, 520 N.E.2d 617, no *per se* conflict of interest existed and therefore defendant's right to conflict-free counsel was not violated. The court in *Banks*, however, did not hold that there could never be a conflict of interest when one assistant public defender must assert the ineffectiveness of another; rather, it held that a case-by-case inquiry should be conducted to determine if any special circumstances indicate the existence of a conflict. (*People v. Banks*, 121 Ill. 2d at 44, 520 N.E.2d at 621.) Thus, the analysis is twofold. First, the trial court must determine whether a *per se* conflict exists, so as to preclude representation. Such a conflict exists where defense counsel has professional commitments to others having interests clearly antagonistic to the interests of the accused. *"Per se* conflicts arise because defense counsel's professional commitments to others would by their nature subject counsel to subtle pressures which could adversely affect counsel's representation of the accused." (*People v. Sanchez* (1987), 161 Ill. App. 3d 586, 593, 515 N.E.2d 213, 218.) Second, if no *per se* conflict exists, the defendant must show the existence of an actual conflict and actual prejudice resulting from the appointed attorney's representation. (*Sanchez*, 161 Ill. App. 3d at 594, 515 N.E.2d at 217.) Here, the court declined to even consider defendant's contention that a conflict existed because of the working relationship of the two assistant public defenders, or to conduct any further investigation into that contention. The defendant was certainly prejudiced when forced to choose between potentially conflict-ridden counsel or no counsel before proceeding with the hearing. Because the trial court failed to conduct an inquiry as to the existence of the conflict, the trial court's order denying defendant's motion must be reversed and the case remanded so that the trial court may conduct such an inquiry.

■ While this case must, in any event, be remanded for a determination regarding the conflict of interest question, we further observe, with regard to defendant's other contentions, that Illinois courts have

long supported and protected a criminal defendant's right to counsel at each critical stage of any trial proceedings. (*People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 237, 528 N.E.2d 375, 377.) As our supreme court has recently stated:

> "[T]he rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants." (*People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.)

Moreover, this court has specifically held that a defendant is entitled to assistance of counsel in the preparation of his motion to withdraw a guilty plea, which is a critical stage of the proceedings, and has remanded a case with directions to appoint an attorney for this purpose where the trial court failed to do so. (See *People v. Black* (1977), 55 Ill. App. 3d 417, 420, 371 N.E.2d 71, 73.) It is apparent from the trial record that the judge, in accepting defendant's guilty plea on February 19, 1988, failed to advise defendant that (1) a copy of the transcript of the plea and sentencing proceedings would be provided free of charge to him, and that counsel would be appointed to assist him in the preparation of the motion to vacate (107 Ill. 2d R. 605(b)(5)), and (2) any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his guilty plea would be deemed waived on appeal (107 Ill. 2d R. 605(b)(6)). While the record does not indicate that Assistant Public Defender Rouse ever officially withdrew from defendant's case following his guilty plea, it is obvious that defendant did not receive an attorney's assistance in preparing his motion to vacate and the accompanying affidavit. Defendant nonetheless made a valiant effort to express his claims of error, without benefit of attorney or transcript, and managed to properly file his motion within the 30-day period required to preserve his right of appeal. However, without the assistance to which he was entitled, defendant was operating at a great disadvantage which was inconsistent with the adequate protection of his rights. We therefore hold that the trial court's failure to advise defendant in accordance with Rules 605(b)(5) and (b)(6) was error. Accordingly, defendant is entitled to an attorney's assistance in amending or completely redrafting his original motion to vacate.

For the above-stated reasons, we reverse the trial court's order of March 18, 1988, denying defendant's motion to vacate his guilty plea. We further remand this case to the trial court, with directions to take

the following steps. The trial court will conduct its own investigation to determine whether there are facts and circumstances, in this particular case, which indicate a conflict of interest which would preclude attorney Helis' representation of defendant in preparing and arguing a motion to vacate which, *inter alia*, alleges the ineffective assistance of attorney Rouse. In conducting this inquiry, the court should also receive the opinion of attorney Helis as to the presence of any potential or actual conflict of interest. If hearings are held in the course of this inquiry, defendant should have the assistance of other counsel in voicing his concerns and should not be permitted to proceed *pro se*. After the court has reached its determination as to whether the facts and circumstances indicate a conflict of interest precluding Helis' representation of defendant, it will state its findings of fact and its conclusions for the record, and will appoint an attorney, other than Rouse, to assist defendant in amending or entirely redrafting his motion to vacate. Defendant may include any appropriate legal grounds in support of his motion, and any claim appearing in either his original or redrafted motion will not be waived on appeal to this court. We would caution defendant that it would be in his best interest to accept the assistance of the attorney so appointed. We further note that although Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) provides for counsel to be appointed for indigents when they seek to withdraw a guilty plea by presenting a motion to the court, it does not accord any right to proceed *pro se*. Whether a defendant is permitted to represent himself at a hearing under Rule 604(d) is a matter within the trial court's discretion. (*People v. Hanna* (1987), 155 Ill. App. 3d 805, 813-14, 508 N.E.2d 765, 771.) Defendant's appointed counsel should also file the required certificate of compliance as provided in Rule 604(d) and represent defendant at hearings on the motion to vacate, following which the court shall enter an order granting or denying defendant's motion.

Accordingly, the trial court's order denying defendant's motion to withdraw his guilty plea is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

LORENZ and MURRAY, JJ., concur.