THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD KESSINGER, Defendant-Appellant.

Fourth District   Nos. 4—84—0620, 4—84—0670 cons.

Opinion filed June 10, 1985.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for Harold L. Kessinger.

Norbert J. Goetten, State's Attorney, of Carrollton (Robert J. Biderman and Michael Blazicek, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On February 19, 1983, defendant, Harold Kessinger, was convicted in the circuit court of Greene County of the offenses of voluntary manslaughter and armed violence predicated on defendant's commission of the foregoing voluntary manslaughter (Ill. Rev. Stat. 1981, ch. 38, pars. 9—2(a)(1), 33A—2). Subsequently he was sentenced to concurrent extended-term sentences of 14 and 20 years' imprisonment, respectively. On December 12, 1983, defendant filed an amended post-conviction petition in that court seeking relief from those convictions and sentences. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1.) On August 14, 1984, the court entered an order vacating the armed violence conviction but refusing relief as to the voluntary manslaughter conviction and sentence. We have consolidated the defendant's appeal and that of the State. We affirm.

We consider first the appeal by the State. It recognizes that under *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, voluntary manslaughter is not the type of felony upon which armed violence can be based. The thrust of the *Alejos* decision was that voluntary manslaughter is not a premeditated offense and accordingly making the offense armed violence, if committed while possessed of a deadly weapon, does nothing to deter commission of the offense nor to deter the carrying of weapons. The court noted that carrying of weapons is sometimes legal and that the defendant would not be likely to be carrying weapons for the purpose of committing an unpremeditated offense. The State points out, however, that only deprivations of State or Federal constitutional rights can be raised in a post-conviction proceeding. (*People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E. 289.) The State maintains that the conviction of the defendant of armed violence here constitutes only an error of statutory interpretation which does not involve a constitutional deprivation.

The State relies upon the case of *People v. Nolker* (1982), 104 Ill.

App. 3d 159, 432 N.E.2d 1157. There the defendant was convicted of armed violence predicated on the offenses of felony escape or attempted escape while armed with a dangerous weapon. Section 31— 6(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 31—6(d)) had made escapes, which would otherwise be misdemeanors, felonies if committed while armed with a dangerous weapon. In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, in ruling on an appeal from a conviction, the court held that the possession of a deadly weapon could not properly be used to enhance an offense which was a misdemeanor to one which was a felony and then to enhance that offense to armed violence. The *Nolker* court recognized the rule against double enhancement but held that *Haron* had merely determined that an error of statutory interpretation resulted when this occurred and that no constitutional right of the defendant was violated.

We disagree with the *Nolker* analysis. There and here, more than the imposing of a sentence more severe than permitted by statute occurred. When the possession of a deadly weapon was used as the predicate for a conviction of armed violence, the defendant was convicted for a type of armed violence that does not exist. Thus, he was convicted of an offense that does not exist. The conviction of an accused of an offense which the charge totally fails to state is a violation of due process. (*People v. Billingsley* (1966), 67 Ill. App. 2d 292, 213 N.E.2d 765; *People v. Petropoulos* (1965), 59 Ill. App. 2d 298, 324, 208 N.E.2d 323, 337.) Inherently, the conviction of an accused for an offense which does not exist is also a violation of due process. Accordingly, the defendant's conviction of armed violence was properly reached by the post-conviction petition. The trial court properly set it aside.

■ Defendant contends that in addition to setting aside the armed violence conviction, the trial court should have also set aside the extended-term portion of the voluntary manslaughter sentence. Such a sentence can only be given when (1) it is being imposed for an offense which is in the class of the most serious for which the defendant was convicted; and (2) certain aggravating factors are present. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a).) He asserts that manslaughter was not an offense of the most serious class for which he was convicted because it is only a Class 1 felony, while the armed violence offense, committed with a firearm, was a Class X felony. (Ill. Rev. Stat. 1981, ch. 38, pars. 9—2, 33A—3.) He also maintains that the provocation or passion mental state of the type of voluntary manslaughter for which he was convicted (Ill. Rev. Stat. 1981, ch. 38, par.

9—2(a)) negates the existence of "exceptionally brutal or heinous behavior indicative of wanton cruelty" (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)), which was the aggravating factor found by the court to exist.

We conclude that defendant fails to set forth any constitutional deprivation. Logically, the propriety of the imposition of his extended-term sentences should be judged in the context of what was the most serious offense for which a conviction was eventually upheld. However, even if that is not technically permissible, viewing the conviction for manslaughter in the context of when the conviction was originally entered, erroneously imposing an extended-term sentence on that conviction, falls far short of constitutional error. Although voluntary manslaughter is unlikely to be committed in a very brutal or heinous manner which would indicate wanton cruelty, it could be committed in that manner. The record indicates that the trial court so found. Even if the court had been mistaken in that finding, such a mistake would not, *ipso facto*, give rise to a constitutional deprivation. The trial court properly denied defendant relief from the extended-term sentence for voluntary manslaughter.

We affirm the decision of the trial court.

Affirmed.

WEBBER and McCULLOUGH, JJ., concur.