THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ORVAL JAMES MILLER, Defendant, Appellant.

Fifth District   No. 5—85—0086

Opinion filed April 21, 1986.—Rehearing denied June 24, 1986.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of Mt. Vernon, for the People.

JUSTICE HARRISON delivered the opinion of the court:

The petitioner, Orval James Miller, was convicted of armed violence by the circuit court of Perry County sitting without a jury and was sentenced to eight years' imprisonment. The underlying offense of the armed violence conviction was voluntary manslaughter. Petitioner's direct appeal to this court was affirmed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23), (*People v. Miller* (1980), 90 Ill. App. 3d 1205.) Petitioner subsequently filed a petition to vacate his conviction. The petition was dismissed by the trial court. We reverse the order dismissing the petition and vacate defendant's conviction and sentence.

The State argued in the court below that Miller's post-conviction petition was only cognizable under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). Section 122—1 of that Act requires a petitioner to allege a substantial denial of State or

Federal Constitutional rights. Miller's petition does not expressly allege such a deprivation, but simply cites *People v. Alejos* (1983), 97 Ill. 2d 502, 512-13, 455 N.E.2d 48, 53, which held that voluntary manslaughter is not the type of felony upon which an armed violence conviction can be based. The State responds that *Alejos* was decided on a direct appeal and not on a Post-Conviction Hearing Act petition, and that the supreme court's holding is based upon statutory construction rather than a violation of constitutional rights. The court below accepted the State's argument and dismissed Miller's petition for failure to allege a denial of constitutional rights.

▆ ▆ We disagree with the State's assumption that the only means by which Miller could attack his conviction some four years after his direct appeal was decided was by way of a petition under the Post-Conviction Hearing Act. Miller did not cite or rely upon the Act in his petition to vacate, and he was not constrained to do so. An indictment which attempts to charge a person with a crime that does not exist in the law is void and may be challenged at any time. (See *People v. Knieling* (1982), 111 Ill. App. 3d 102, 106, 443 N.E.2d 207, 210. See also *People v. Walker* (1980), 83 Ill. 2d 306, 313, 415 N.E.2d 1021, 1025.) We are not confronted here with an indictment which failed to allege all the elements of the offense charged where the offense could have been validly charged on the facts of the case, and all that remained for the State to do was to specify the details of the accusation. An indictment of that nature is not necessarily void. (*People v. Walker*, (1980), 83 Ill. 2d 306, 314, 415 N.E.2d 1021, 1025.) If such an indictment contains sufficient information to apprise a defendant of the charge with sufficient particularity to prepare his defense and to permit him to plead his conviction or acquittal as a bar to any subsequent prosecution for the same offense, it will be upheld if challenged for the first time on appeal. (*People v. Williams* (1980), 80 Ill. App. 3d 963, 967-68, 400 N.E.2d 532, 535-36.) Here, however, the offense with which petitioner was charged does not exist in the law and could not have been validly charged regardless of the facts alleged. Hence, not only is the indictment void and subject to attack at any time, but the judgment consequently must be void also, and a void judgment may be vacated at any time. *In re C.T.* (1985), 137 Ill. App. 3d, 42, 46, 484 N.E.2d 361, 364.

Therefore, the petition to vacate is an attack on a void judgment, and does not depend upon the Post-Conviction Hearing Act for its viability. The requirement that a petition under the Act must allege denial of constitutional rights is not applicable to this petition. We recognize it can be argued that there is necessarily a constitutional

violation when a criminal conviction is void because the crime charged is not an offense. However, because this judgment can be attacked as being void, the debate over whether a constitutional violation has occurred in the circumstances is academic. Compare *People v. Kessinger* (1985), 133 Ill. App. 3d 831, 479 N.E.2d 466, with *People v. Nolker* (1982), 104 Ill. App. 3d 159, 432 N.E.2d 1157.

For the foregoing reasons, the order of the circuit court of Perry County dismissing the petition is reversed, and petitioner's conviction and sentence for armed violence are vacated.

Order reversed; judgment vacated.

KARNS and WELCH, JJ., concur.