19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Percy R. BERRY, Petitioner-Appellant,
v.
D. Bruce JORDAN and Indiana Attorney General, Respondents-Appellees.
 No. 92-2875.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Percy Berry, an inmate at the Indiana State Farm, appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. He raises several due process claims stemming from a Conduct Adjustment Board ("CAB") proceeding that found him guilty of sexually assaulting a female correctional officer while he was confined at the Lakeside Correctional Unit in Indiana. As a result, he was placed in disciplinary segregation for six months, was demoted from Credit Class I to Credit Class III, and lost 365 days of earned good time credit.
 
 
 2
 Berry alleges that he was unsure of the code violations brought against him because the Conduct Report charged him with sexual assault and the Segregation/Confinement Report described his offense as "battery upon another person." In addition, he claims that the filing of charges in two separate reports based on the same incident constituted a violation of Rule 12-C-5 of the Indiana Department of Corrections Adult Disciplinary Policy Procedures. ("ADPP").
 
 
 3
 An inmate subject to a disciplinary proceeding must be given written notice of the charges against him at least 24 hours prior to his appearance before the disciplinary board. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). The Indiana Department of Corrections fulfilled its obligations under Wolff by providing Berry a copy of the Conduct Report two days before the hearing.[1] The Report listed only one violation for sexual assault of a staff member. Although the Segregation Report listed battery as the offense, that report was not the charging document and had no relevancy in the CAB hearing. Furthermore, the alleged violation of Rule 12-C-5, even if of constitutional magnitude, Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir.1993) (violation of state law not cognizable on federal habeas review), is without merit since the regulation calls for the dismissal of charges when more than one Conduct Report citing identical charges have been filed pertaining to the same incident. Here, only one Conduct Report was filed.
 
 
 4
 Berry also contends that his appeal should not have been considered by Timothy Todd, Director of the Lakeside Correctional Unit, because Todd approved the sanctions recommended by the CAB. An inmate has the right to an impartial decisionmaker, Wolff, 418 U.S. at 571, and to meaningful administrative review by the Indiana Department of Corrections. Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir.1992), cert. denied, 113 S.Ct. 1362 (1993). Prison disciplinary hearings, however, "are not criminal prosecutions and the full panoply of rights accorded criminal defendants are not available." Henderson v. United States Parole Commission, No. 93-1281, slip op. at 6 (7th Cir. Jan. 6, 1994). Berry fails to present any evidence other than Todd's approval of the CAB's sanctions to demonstrate that the review given his appeal was less than meaningful. In fact, his case was subsequently appealed to the final reviewing authority, normally the Director of Adult Institutions, pursuant to Rule 25-C of the ADPP. Consequently, we conclude that no due process violation occurred here. Forbes, 976 F.2d at 319.
 
 
 5
 Next, Berry contends that the brief explanation given for the outcome of the disciplinary hearing was inadequate.[2] The CAB stated that Berry was found guilty of sexual assault "[b]ased on [the] Conduct Report and offender's written statement." Due process requires that the CAB provide Berry with a written statement describing the evidence and reasons relied on in finding him guilty of the disciplinary charges. Wolff, 418 U.S. at 564. The extensiveness of the statement, however, "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988). In Pardo v. Hosier, 946 F.2d 1278, 1284-85 (7th Cir.1991), for example, this court found the disciplinary board's explanation, stating that the disciplinary action was based on the inmate's statements and the officer's report, to be constitutionally sufficient in upholding a charge of derogatory remarks to an officer. See also Forbes, 976 F.2d at 318; Saenz v. Young, 811 F.2d 1172, 1173-74 (7th Cir.1987) (explanation stating that "Officer Fabry's written statement supports the finding of guilt that an attempt was made ... to commit battery" fulfilled due process requirement).
 
 
 6
 The charge in this case was clearly stated in Officer Collins' Conduct Report. She wrote that she walked over to the sink in the Lakeside kitchen when Berry approached her, grabbed her buttocks, and said, "I [want] to see if you like this." Berry denied the charge. The record fails to indicate if any other evidence was presented to the CAB, and thus, we presume that the outcome of the hearing was based primarily on a credibility determination of the officer and of Berry. Accordingly, because both the nature of the charge and the evidence presented were relatively straightforward, we conclude that the CAB's statement of reasons complied with due process requirements. Pardo, 946 F.2d at 1285; Saenz, 811 F.2d at 1174.
 
 
 7
 Berry also argues that Indiana's good time statute, Ind.Code Ann. Secs. 35-50-6-3--35-50-6-7 (Burns 1985 & Supp.1993), is unconstitutional because it does not allow state judicial review for the loss of good time resulting from a prison disciplinary proceeding. Although Berry raised this issue below, the district court did not address it. We need not remand on this question, however, because it is well-established that the State of Indiana has the authority to delegate the adjudication of prison disciplinary matters solely to an administrative body. Markham v. Clark, 978 F.2d 993, 995 (7th Cir.1992); Miller v. Duckworth, 963 F.2d 1002, 1005 (7th Cir.1992).
 
 
 8
 Finally, Berry's claim that prison officials should have conducted an investigation of the Conduct Report pursuant to Rule 12-C-7 of the ADPP is not cognizable on habeas review because it does not rise to the level of a federal constitutional or statutory violation. Bloyer, 5 F.3d at 1098 (violation of state law not cognizable on federal habeas review). Although Berry alleges that CAB members retaliated against him because of his earlier reclassification and transfer request, he is unable to substantiate his claim, providing the court with only a copy of the request. The remainder of Berry's claims alleging that he was not given reasonable time to prepare for his hearing and that two members of the CAB were not impartial because they were friends of Officer Collins were not presented to the district court and are therefore waived. Kines v. Godinez, 7 F.3d 674, 678 (7th Cir.1993).
 
 
 9
 For the foregoing reasons, we AFFIRM the district court's denial of Berry's petition for a writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Although Berry states only that the Conduct Report was read to him, we assume that a copy was then given to him since the record and the parties do not suggest otherwise
 
 
 [2]
 In his reply brief, Berry clarifies that he is not arguing that the evidence was insufficient to support the CAB's finding, but that the reasons given were not explicit enough. We note that the Conduct Report provides some evidence to justify disciplinary action. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985)