27 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey L. WRIGHT, Petitioner/Appellant,
v.
James E. GREER, Warden and Attorney General of the State of
Illinois, Respondents/Appellees.
 No. 92-1240.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 22, 1994.*
Decided July 5, 1994.
Rehearing Denied Aug. 1, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, District Judge**.
 
 ORDER
 
 2
 Jeffrey Wright appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 3
 Wright was convicted of murder and armed robbery after a bench trial and sentenced to 80 years' imprisonment. Wright directly appealed his conviction, challenging the voluntariness of his confession to the crimes. The appellate court affirmed the conviction, finding Wright's confession was voluntary. The Illinois Supreme Court denied leave to appeal. Wright subsequently filed two petitions for state post-conviction relief, which were dismissed. He did not appeal the substantive claims he raised in the petitions.
 
 
 4
 Wright then filed this petition for a writ of habeas corpus, alleging: 1) the trial court improperly admitted his involuntary inculpatory statements into evidence; 2) he requested and was denied counsel during interrogation; 3) his 80 year sentence constituted cruel and unusual punishment; and 4) his Fourteenth Amendment rights were violated when: a) the trial court violated Illinois Supreme Court Rule 402(f); and b) the State failed to produce statements made during his polygraph examination. The district court denied the petition, addressing the first ground on the merits and finding that Wright had procedurally defaulted the other claims.
 
 
 5
 We first turn to Wright's claim that his confession was not voluntary and therefore should have been suppressed. This issue was raised on direct appeal, and therefore we reach its merits. Wright was taken into custody and questioned about the robbery and murder of a cab driver on April 11, 1983. He denied any involvement but later confessed to the crimes. Wright asserts that the death penalty was discussed throughout his interrogation, that he was told he "burned up" the polygraph machine, thereby indicating his guilt, and that he was told that Donald Clark, his accomplice, was being questioned as well. Wright argues that this combination of circumstances surrounding his confession rendered it involuntary.
 
 
 6
 A confession is voluntary if, in light of the totality of the circumstances, the confession "was not secured through psychological or physical intimidation but rather was the product of a rational intellect and free will." United States v. McGuire, 957 F.2d 310, 315 (7th Cir.1992) (quoting United States v. Haddon, 927 F.2d 942, 945 (7th Cir.1991)). Factors that are pertinent to this inquiry include: the age of the defendant, his education, the nature of the questioning, the use of physical punishment, whether the defendant was read his rights, the duration of the questioning and whether the defendant was under the influence of drugs or alcohol. See United States v. Church, 970 F.2d 401, 404 (7th Cir.1992) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)), cert. denied, 113 S.Ct. 1009 (1993); United States v. White, 979 F.2d 539, 543 (7th Cir.1992); Holland v. McGinnis, 963 F.2d 1044, 1052 (7th Cir.1992), cert. denied, 113 S.Ct. 1053 (1993); Haddon, 927 F.2d at 946; see also Cole v. Lane, 830 F.2d 104 (7th Cir.1987).
 
 
 7
 We agree with the courts that have addressed this claim and find that Wright's confession was voluntary. The trial court found that Wright's confession was not induced by the state's promises but rather that he negotiated the conditions to provide a truthful statement. At the time of trial, Wright was 26, had completed the 11th grade and obtained a GED. Wright confessed after taking the polygraph examination and insisting upon seeing that Clark was in custody. He was given Miranda warnings, and negotiated the terms of his truthful statement to the police: that he not be given the death penalty and that Clark be prosecuted and given a penitentiary sentence. We conclude that the totality of the circumstances surrounding Wright's confession does not indicate that it was involuntary. See Miller v. Fenton, 474 U.S. 104 (1985).
 
 Wright concedes that he procedurally
 
 8
 defaulted his other claims, but argues that he has shown cause for and prejudice from his default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); see Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (procedural default based on an independent and adequate state procedural rule bars federal review unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation"). Turning to Wright's claims that he had requested and was denied counsel during interrogation and that his sentence violated his Eighth Amendment rights, we conclude that Wright has failed to show cause for his default. Wright argues that "[t]he failure to pursue this claim on appeal was due either to appellant's ignorance of the law as reflected in his original petition for a writ of habeas corpus quoted above or the ignorance or error of appellant's appointed counsel on the successive petition for post-conviction relief."
 
 
 9
 First, Wright's ignorance of the law does not constitute sufficient cause to preclude his procedural default. See Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990) (holding that illiteracy is not cause, citing with approval cases holding that ignorance of the law is not cause); see also Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991) (pro se status and lack of awareness and training in the law is not cause). Second, any error of appellant's appointed counsel in post-conviction proceedings cannot constitute cause because there is no constitutional right to counsel at a post-conviction hearing. Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991); Pennsylvania v. Finley, 481 U.S. 551 (1987); Jenkins v. Gramley, 8 F.3d 505 (7th Cir.1993). Wright has failed to establish cause for his default and therefore we need not look to the alleged prejudice from his default.
 
 
 10
 We now turn to Wright's final claim, that the trial court allowed the state to use information obtained in violation of Illinois Supreme Court Rule 402(f) and did not require the state to produce Wright's statements made during polygraph exam. "A federal court may grant collateral relief to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " Reed v. Clark, 984 F.2d 209, 210 (7th Cir.1993) (quoting 28 U.S.C. Sec. 2254(a) (1988)). We will not reexamine state court determinations on state law questions. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Therefore, the argument that a state violated its own laws is not a violation of constitutional law. Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir.1993). Because Wright's claims are predicated upon a violation of state law, they are not cognizable under federal habeas corpus review. See Reed, 984 F.2d at 210. Even without such a barrier, this claim also succumbs to Wright's inability to show cause for his procedural default, as discussed above.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation