87 F.3d 1316
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ted WILLIAMS, Petitioner-Appellant,
v.
Salvador A. GODINEZ and James E. Ryan,*
Respondents-Appellees.
 No. 93-2439.
 United States Court of Appeals, Seventh Circuit.
 Argued and Decided May 23, 1995.
 
 Before BAUER, WOOD, Jr. and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 We affirmed the judgment of the district court from the bench. This order briefly explains our reasons.
 
 
 2
 Williams asserts that the district court erred by failing to rule on his motion for appointment of counsel. Williams has no constitutional right to counsel in this collateral proceeding. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The district court implicitly denied Williams' motion by denying his petition for a writ of habeas corpus. Williams was not entitled to receive a separate order denying the motion.
 
 
 3
 Williams' claim that the state trial court violated the Equal Protection Clause by requiring him to give a racially neutral explanation for his peremptory challenges to prospective white jurors is directly foreclosed by Georgia v. McCollum, 112 S. Ct. 2348, 2359 (1992). Williams' assertion that McCollum does not apply to the exclusion of prospective white jurors by black criminal defendants was raised for the first time in his reply brief (apparently because Williams was unaware of McCollum until the appellees cited it in their brief) and therefore has been waived, Circuit Rule 28(f); Bloyer v. Peters, 5 F.3d 1093, 1099-1100 (7th Cir. 1993), and, in any event, is without merit.
 
 
 4
 Williams' remaining arguments either concern violations of state law which are not cognizable in this proceeding, 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), or have been waived for failure to raise in the district court, e.g., Kappos v. Hanks, No. 92-3844, slip op. 4 (7th Cir. May 2, 1995).
 
 
 5
 AFFIRMED.
 
 
 
 *
 James E. Ryan is substituted for his predecessor, Roland W. Burris, as Attorney General of Illinois pursuant to Federal Rule of Appellate Procedure 43(c)